# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| | ) | |
| MARIO HOWARD LLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | 1:19 CV 3104 |
| | ) | Hon. Marvin E. Aspen |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Before us is Petitioner Mario Howard Lloyd's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Pet. (Dkt. No. 1).) For the reasons that follow, we dismiss Lloyd's motion for lack of jurisdiction.

## BACKGROUND

In 1990, a jury convicted Lloyd on several federal drug and conspiracy charges and sentenced him to 15 life terms of imprisonment. *Lloyd v. United States*, No. 14 C 3929, 2014 WL 5614857, at *1 (N.D. Ill. Nov. 4, 2014) ("*Lloyd II*"). Lloyd challenged his sentences on a Section 2255 motion in 1997. *Id.*; *U.S. v. Lloyd*, 983 F. Supp. 738 (N.D. Ill. 1997) ("*Lloyd I*"). As it appeared that, as the "result of a clerical error," 10 of his life sentences exceeded the statutory maximums for the underlying offenses, we vacated those 10 sentences and resentenced Lloyd to the maximum available terms of imprisonment for those counts. *Lloyd I*, 983 F. Supp. at 744 & n.7. We also vacated Lloyd's conviction for conspiracy to distribute cocaine (Count 1), finding it to be a lesser included offense of engaging in a continuing

criminal enterprise. *Id.* at 743–44. We rejected the remainder of Lloyd's claims, and in so doing, upheld 5 of his other life sentences. *Id.* at 741–45.

In 2014, Lloyd filed another petition pursuant to 28 U.S.C. § 2255 in this Court. *See Lloyd II*, 2014 WL 5614857, at *1. We dismissed that petition for several reasons, including that we likely lacked jurisdiction to hear a second or successive petition under Section 2255. *Id.* at *2 (recounting that "Lloyd ha[d] filed at least two other unsuccessful motions seeking § 2255 relief since his 1997 resentencing" (citing *U.S. v. Lloyd*, 398 F.3d 978 (7th Cir. 2005); *Lloyd v. Yeach*, No. 6 C 1200, 2006 WL 2640217 (C.D. Ill. Sept. 12, 2006)).[1]

In 2018, Lloyd moved that we correct the electronic docket on his criminal case to reflect our 1997 decision stemming from his first Section 2255 motion. (*See United States v. Lloyd*, No. 89 CR 427–1, Dkt. No. 820.) We observed that "the electronic docket summary in Lloyd's criminal case does not reflect the entry of an amended judgment following our 1997 Order." (*Id.*, Dkt. No. 843 at 2.) We granted Lloyd's motion and entered an amended judgment consistent with our 1997 order. (*Id.*, Dkt. No. 844.)

Lloyd's present petition, again pursuant to 28 U.S.C. § 2255, asserts several grounds for relief from his underlying criminal conviction and sentence. (Pet. at 4–6.) He claims that the Government committed fraud upon the Court by relying on the fruits of an illegal search warrant, argues the Court erred in our sentencing determinations, and alleges his trial attorney was biased by a conflict of interest. (*Id.* at 4–5.) Lloyd also questions whether our recent entry of an amended judgment to reflect our 1997 decision constitutes a new judgment that re-opens the window for him to file an additional Section 2255 motion. (*Id.* at 5–6.)

---

[1] We also observed at the time that the Seventh Circuit had barred Lloyd from filing motions in this district after a series of frivolous habeas filings. *Id.*

**ANALYSIS**

Under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a court must dismiss a Section 2255 motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Here, we lack jurisdiction to consider Lloyd's Section 2255 motion because it is a second or successive motion that the court of appeals has not authorized him to file. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A).

As the background recounted above makes clear, Lloyd has filed several prior Section 2255 motions. *See Lloyd I*, 983 F. Supp. at 741–45 (1997 opinion granting in part and denying in part Section 2255 motion); *Lloyd II*, 2014 WL 5614857, at *2–4 (2014 opinion dismissing successive Section 2255 motion and listing two other such motions since 1997 ruling). Under 28 U.S.C. §§ 2255(h) and 2244(b), "[a] district court *must* dismiss a second or successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996). There is no indication in Lloyd's petition or relevant court filings that he has obtained permission from the Seventh Circuit to file an additional Section 2255 motion. Accordingly, we lack jurisdiction to entertain Lloyd's motion and must dismiss it. Rules Governing § 2255 Proceedings 4(b).

Lloyd suggests that his present petition is not successive because we amended his judgment in 2018. (Pet. at 6.) Lloyd cites *Magwood v. Patterson*, 561 U.S. 320, 130 S. Ct. 2788 (2010), for the proposition that "[w]here there is a new judgment intervening between two habeas corpus petitions, an application challenging the resulting new judgment is not second o[r] successive at all." (Pet. at 6.) While Lloyd correctly distills the holding of *Magwood*,

3

561 U.S. at 341, 130 S. Ct. at 2802, the case is inapplicable here because there is no "new judgment" for Lloyd to challenge.  We did not, as Lloyd contends, give him a new sentence in 2018; we merely codified the adjusted sentence we gave him in 1997.  We changed nothing else.  Even if our decision in 1997 arguably restarted the clock for filing a Section 2255 motion under *Magwood*, Lloyd has filed at least three such motions since that decision.  *Lloyd II*, 2014 WL 5614857, at *2 (dismissing third Section 2255 motion and recalling two others after 1997 judgment).  In sum, Lloyd's Section 2255 motion is "second or successive" within the meaning of 28 U.S.C. §§ 2255(h) and 2244(b).

### CONCLUSION

Because Lloyd has not received authorization from the Seventh Circuit to file a successive motion pursuant to 28 U.S.C. § 2255(h), we hereby dismiss his motion for lack of jurisdiction.  It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated:  June 20, 2019
        Chicago, Illinois