# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MARIO HOWARD LLOYD, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:19 CV 3104<br>Hon. Marvin E. Aspen |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

We have previously considered and dismissed Petitioner Mario Howard Lloyd's motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255. (Pet. (Dkt. No. 1).) We dismissed Lloyd's motion for lack of jurisdiction. (Mem. Op. and Order ("Mem.") (Dkt. No. 4) at 1.) He appealed without a certificate of appealability from this court. We now clarify that we deny a certificate of appealability because his petition does not qualify for the reasons stated below.

## BACKGROUND

Mario Lloyd first appeared before this court in 1997 to revise his prior sentence. (Mem. at 4.) We granted his request to reduce ten of his life sentences because they exceeded statutory maximums. (Mem. at 1–2.) We also vacated one conviction as a lesser included offense to a second drug felony. (*Id.* at 1.) We amended the docket in 2018 to reflect the 1997 judgment, because it was never entered on the electronic docket due to a clerical error. (*Id.* at 2.)

Lloyd argues this 2018 amendment to the docket reflects a new final judgment in his case, which gives him a right to file a new § 2255 petition. (Pet. for Habeas Corpus ("Pet.") (Dkt.

No. 1).) While he is correct that a new final judgment would give him this right, our order was not a new final judgment. (Mem. at 3–4.) Instead, it simply entered a previous judgment we made in 1997. (*Id.*) In addition, the opinion was merely a sentencing reduction, it did not overturn the final opinion in his underlying criminal trial. (*Id.*) For these two reasons we denied Lloyd's third habeas petition, filed this May, as a successive petition. 28 U.S.C. § 2255(h). We rejected the claim that our order constituted a new final judgment. (Mem. at 4.)

## ANALYSIS

In order to entertain a second or successive § 2255 petition, a district court must first receive permission from a panel of the appropriate court of appeals. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). We could not find, and Lloyd did not allege, that Lloyd received permission from the Seventh Circuit to file a second or successive petition. (*See generally* Mem.; Pet.) Thus, our original position that we lacked jurisdiction to entertain Lloyd's habeas petition for want of the right to file a successive petition precludes us from granting him a certificate of appealability. 28 U.S.C. § 2255(h). Instead, Lloyd should have asked the Seventh Circuit for the right to file this new petition *before* coming before the district court with his new collateral attack on the constitutionality of his original criminal sentence. § 2244(a); § 2244(b)(3).

Since Lloyd's petition is an unauthorized collateral attack, which reasserts his original Fourth and Sixth Amendment claims regarding his trial, he does not satisfy the criteria for a certificate of appealability. *See Sevum v. Smith*, 403 F.3d 447, 447 (7th Cir. 2005). Lloyd raises no argument likely to succeed on appeal, for the reasons we held in our previous opinion,

because his petition clearly qualifies as a successive petition on the same subject matter as his original habeas petition. (Mem. at 3–4.) Accordingly, we decline to issue Lloyd a certificate of appealability.

## CONCLUSION

Because Lloyd has not received authorization from the Seventh Circuit to file a successive motion pursuant to 28 U.S.C. § 2255(h), we cannot issue a certificate of appealability as to jurisdiction. We decline to issue a certificate of appealability as to our finding that this petition is a successive or collateral attack. It is so ordered.

_____
Honorable Marvin E. Aspen
United States District Judge

Dated: October 3, 2019
      Chicago, Illinois